UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Fleischhauer v. Monsanto Co.*,<br>Case No. 3:21-cv-05971-VC<br><br>*Hayes v. Monsanto Co.*,<br>Case No. 3:21-cv-05398-VC<br><br>*Finnell v. Monsanto Co.*,<br>Case No. 3:20-cv-02419-VC<br><br>*Beisner v. Monsanto Co.*,<br>Case No. 3:20-cv-00056-VC<br><br>*Bodie v. Monsanto Co.*,<br>Case No. 3:20-cv-00057-VC | **PRETRIAL ORDER NO. 317: ORDER DENYING MONSANTO'S MOTION TO EXCLUDE EXPERT LEVIN**<br><br>Re: Dkt. No. 18974 |

There is a recurring problem with Monsanto's motions to exclude expert opinions relating to causation. An example is the present motion to exclude the testimony of Dr. Mark Levin. Monsanto's counsel (as well as all counsel for the plaintiffs) are encouraged to read this ruling carefully so they can avoid this problem in the future.

This multi-district litigation involves thousands of individual tort cases. For every case, each side puts forward multiple expert opinions on the issue of causation. And it seems like Monsanto has been moving to exclude pretty much every expert offered by pretty much every plaintiff. That's fine. But obviously this Court cannot hold a Daubert hearing on every motion

filed in every case. Nor would it be practical or efficient to defer adjudication of those motions until after cases are remanded to their home districts for trial. This Court has developed substantial expertise on the issue. Beyond that, the Court would be precluded from ruling on summary judgment if it refrained from adjudicating Daubert motions relating to causation.

In a context like this, if a party plans to seek exclusion of an expert opinion, it cannot assume there will be a Daubert hearing. The expert's deposition therefore becomes even more important than usual. It is the key event. The attorney who takes the deposition must give the expert a full opportunity to explain their opinion and identify the material it's based on. The attorney must identify any perceived flaws in the expert's opinion and give the expert an opportunity to address them.

If it's clear from the deposition transcript that the expert is unqualified, or doesn't know the material they need to be familiar with, or has otherwise offered an invalid opinion, the expert will be excluded. They will not have an opportunity for rehabilitation at a Daubert hearing. If serious questions remain about the validity of the expert's opinion after the deposition, the Court will schedule a Daubert hearing. But if the party seeking exclusion fails to develop the record in a way that enables the Court to meaningfully assess the expert's opinion, the motion to exclude that opinion will simply be denied.

And that's why Monsanto cannot prevail in its motion to exclude Levin's opinion.[1] The motion barely discussed Levin's deposition testimony (and does not mention any aspect of his testimony about general causation). Instead, Monsanto primarily attacks Levin's expert report, arguing that the report fails to grapple adequately with various issues. But as discussed in a previous ruling, the purpose of the expert report is not to analyze every potential flaw in every potential study and explain in detail where the expert comes out on it. *See* Pretrial Order No. 313 (Dkt. No. 20337) at 2–3. The purpose of the report is to put the other side on notice of the

---

[1] Monsanto originally filed its motion against five plaintiffs. Three of those plaintiffs (Finnell, Beisner, and Bodie) filed notices of settlement after Monsanto filed its motion and did not file oppositions. The motion is therefore deemed moot as to them.

2

opinion the expert is offering and the material the opinion is based on. The deposition is the time to seek elaboration from the expert on whether they considered particular issues or studies in reaching their opinion, how they resolved any inconsistencies in the literature, whether they are sufficiently familiar with the material to reach the conclusions they reached, and how they might respond to any particular critiques of their analysis.

To be sure, there may be cases where a report is so deficient that it fails on its own terms. For example, imagine a report that said, "I believe Roundup is capable of causing NHL for exactly the reasons stated in the Zhang paper." That would require exclusion because, as the Court has previously explained, the Zhang paper is junk science. But Levin's report does not rise nearly to that level. It puts Monsanto on notice of the opinion being offered and the basis for it. The report is certainly rather sparse and somewhat eyebrow raising, but that's why we have expert depositions—to probe potential weaknesses in the expert's opinion and to pin the expert down on their position.

For their part, in opposition to Monsanto's motion, the plaintiffs did submit some excerpts of Levin's deposition testimony. These excerpts reveal a further problem. Monsanto's counsel conducted the deposition as if it were a cross examination at trial, asking a seemingly endless series of yes-or-no questions that were designed to elicit concessions from Levin. That's fine for trial—you put those concessions together and explain at closing argument why the jury should reject the expert's opinion. But at deposition, the main point is to pin the expert down. And you can't pin them down if you don't give them a chance to explain their position. The fact that Levin was barely invited to address the potential flaws in his analysis (at least in the deposition excerpts submitted in connection with this motion) is another, related reason to deny Monsanto's motion to exclude his testimony.

Perhaps at trial Levin's discussion of McDuffie, Andreotti, Pahwa, and the other epidemiological literature will be so inadequate as to prompt the judge to order the jury to disregard it, or to enter judgment as a matter of law in Monsanto's favor. Perhaps Levin will demonstrate that he doesn't understand Tomasetti's important contribution on the role of natural

replication errors, which may also require his testimony to be thrown out after the fact. But in the context of this MDL, Monsanto cannot expect to succeed in excluding witnesses pretrial (or even in getting a Daubert hearing) without presenting and discussing the deposition testimony thoroughly, or without conducting a deposition in which the expert received an opportunity to discuss any potential flaws in their analysis.

For all these reasons, the motion to exclude Levin's opinion is denied.

**IT IS SO ORDERED.**

Dated: March 20, 2025

_____
VINCE CHHABRIA
United States District Judge